1  Rick Richmond (SBN 194962)
   rrichmond@larsonllp.com
2  Andrew E. Calderón (SBN 316673)
   acalderon@larsonllp.com
3  Jina Yoon (SBN 331948)
   jyoon@larsonllp.com
4  **LARSON LLP**
   555 South Flower Street, 30th Floor
5  Los Angeles, California 90071
   Telephone: (213) 436-4888
6  Facsimile: (213) 623-2000

7  Attorneys for Defendants The Church of Jesus
   Christ of Latter-day Saints, a Utah corporation
8  sole and Temple Corporation of The Church of
   Jesus Christ of Latter-day Saints, a Utah
9  nonprofit corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe EO 5, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation; TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation; THE HEMET CALIFORNIA STAKE also known as THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an entity of unknown form; and DOES 4 to 100, Inclusive<br><br>Defendants. | Case No.<br><br>[Riverside County Superior Court Case No. CVR12404892]<br><br>**DEFENDANT THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[28 U.S.C. § 1332]<br><br>State Action Filed: September 4, 2024<br>Trial Date:          None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole (the "Church"), removes the above-referenced action from the California Superior Court for the County of Riverside to the United States District Court for the Central District of California. The Church removes this action under 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. § 1332. Removal of this action is made on the following grounds:

## PROCEDURAL HISTORY

1. On September 4, 2024, Plaintiff Jane Roe EO 5 filed a Complaint against Defendants The Church of Jesus Christ of Latter-day Saints, Temple Corporation of The Church of Jesus Christ of Latter-day Saints, and the Hemet California Stake in the Riverside County Superior Court, Case No. CVR12404892. A copy of the Complaint and all documents served therewith are attached to the Declaration of Rick Richmond as Exhibit A.

## JURISDICTION

2. As set forth below, the Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Based on that diversity jurisdiction, the Church removes this action under 18 U.S.C. § 1441(b).

## VENUE

4. Venue is proper in the Eastern Division of the Central District of California because this is "the district court of the United States for the district and division within which such action is pending . . . ", that is the Riverside County Superior Court. 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 84(c), 1441(a).

# COMPLETE DIVERSITY

## I. Plaintiff Is a Citizen of California

5. Plaintiff alleges that she is a resident of California. (Richmond Decl. ¶ 3, Ex. A ¶ 3.) The Church is therefore informed and believes, and on that basis alleges, that Plaintiff is a citizen of California as of the date of this Notice of Removal. *See Lew v. Moss*, 797 F.2d 747, 710 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).

## II. The Church Is a Citizen of Utah

6. The Church is a Utah corporation with its principal place of business in Utah. (Richmond Decl. ¶ 4, Ex. B.)

## III. The Temple Corporation Is a Citizen of Utah

7. The Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Temple Corporation") is a Utah domestic nonprofit corporation with its principal place of business in Utah. (*Id.* ¶ 5, Ex. C.)

## IV. The Hemet California Stake Is an Unincorporated Fraudulently Joined Defendant

8. The Hemet California Stake refers to a geographic ecclesiastical grouping of local congregations in Riverside County. Local Church congregations are called "wards" or "branches."[1] Wards and branches are grouped into geographic ecclesiastical units known as "stakes," a term taken from the Old Testament.[2]

9. The Hemet California Stake is not a corporate entity and has no corporate existence apart from the Church. There is no entity by the name of "Hemet California Stake" or similar that is registered with the California Secretary of State (*Id.* ¶ 6.) The Hemet California Stake does not have a registered agent. (*Id.* ¶ 7.)

10. Plaintiff alleges the Hemet California Stake has its principal place of

---

[1] https://newsroom.churchofjesuschrist.org/article/ward.
[2] https://newsroom.churchofjesuschrist.org/article/stake.

business at 425 North Kirby Street, Hemet, CA 92545. (*Id.* ¶ 3, Ex. A at ¶ 7.) That building is owned by the Church. (*Id.* ¶ 8.)

11. Stakes are akin to a division of a corporation. "Corporations are proper defendants; unincorporated divisions of them are simply that—parts of them." *Rockymore v. Eurofins Donor & Product Testing, Inc.*, 2022 WL 2704122, *3 (N.D. Cal. July 11, 2022). There is "no legal basis to be able to sue an entity that does not have any independent legal status." *Id.*; *see also Breitman v. May Co. Calif.*, 37 F.3d 562, 564 (9th Cir. 1994); *Sanfilippo v. Match Group LLC*, 2021 WL 4440337 (9th Cir. Sept. 28, 2021) (Tinder was "an unincorporated division of Match Group" and is therefore ignored "for purposes of assessing its jurisdiction"); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011); *Salzstein v. Bekins Van Lines*, 747 F. Supp. 1281, 1282 n.1 (N.D. Ill. 1990) ("[B]y definition a corporate division is not a separate legal entity and hence is not suable.").

12. Thus, the Hemet California Stake is a non-existent legal entity that was fraudulently joined and should be disregarded for removal jurisdiction. *Morris*, 236 F.3d at 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'")

**V.    The Fictitious "Doe" Defendants Do Not Affect Diversity**

13. The citizenship of all other defendants sued under fictious names shall be disregarded. 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

14. The amount in controversy exceeds $75,000.

15. California law prohibits pleading a specific demand for relief in an action "brought in the superior court to recover actual or punitive damages for personal injury …." Cal. Code Civ. Proc. § 425.10(b). Plaintiff designated the case as an unlimited civil

case according to California law, in which the amount demanded exceeds $35,000. (Richmond Decl. ¶ 3, Ex. A [Civil Case Cover Sheet].)

16. The "facially apparent" allegations in the Complaint, however, demonstrate that the amount in controversy exceeds $75,000. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

17. Plaintiff alleges she was repeatedly sexually abused as a child by an adult Church leader beginning in 2010. (Richmond Decl. ¶ 3, Ex. A ¶ 2.) Plaintiff alleges Defendants are liable to her for the abuse. (*Id*. ¶ 3, ¶¶ 51–52.) And Plaintiff alleges that as a result of the abuse, she "suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages." (*Id*. ¶ 63.)

18. Thus, the extent and duration of those alleged damages are facially apparent to exceed $75,000. Damages for similar claims of childhood sexual abuse in this district routinely exceed $75,000.[3]

## TIMELINESS OF NOTICE OF REMOVAL

19. The Church's Notice of Removal is timely under 28 U.S.C. § 1446 because it is filed within 30 days of service of the Complaint and within one year of the commencement of the action.

---

[3] *See, e.g., Shenko v. Coulter*, No. 2:22-cv-09232-MEMF (PVCx), 2023 WL 3101523, at *1 (C.D. Cal. Feb. 28, 2023) (seeking damages in excess of $300,000,000 in an action brought under California's Child Victims' Act); *A.B. v. Regents of Univ. of California*, No. 2:20-cv-09555-RGK-E, 2021 WL 3030191, at *1 (C.D. Cal. Jan. 8, 2021) (granting class action settlement where defendant UCLA was to create a $73 million, non-revisionary settlement fund to pay class members who suffered sexual abuse by an employee of UCLA); *Von Bradley v. Dep't of Child. & Fam. Servs.*, No. CV 17-6556-JFW (AGR), 2018 WL 7291450, at *2 (C.D. Cal. Dec. 12, 2018), report and recommendation adopted sub nom. *Van Bradley v. Dep't of Child. & Fam. Servs.*, No. CV 17-6556-JFW (AGR), 2019 WL 587282 (C.D. Cal. Feb. 13, 2019) (seeking compensatory damages of $1,750,000 and punitive damages of $4,500,000 in an action stemming from childhood sexual abuse); *Oliver v. Luner*, No. LA 18-cv-02562 VAP (AFMx), 2018 WL 5919471, at *2 (C.D. Cal. Aug. 3, 2018) (seeking damages of $250,000,000 and punitive damages in an action for sexual battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and respondeat superior).

20. The Church accepted service of the Complaint on September 30, 2024. (Richmond Decl. ¶ 9, Ex. D.)

21. Plaintiff filed a proof of service indicating she served the Complaint on the Temple Corporation on September 11, 2024. (*Id.* ¶ 10, Ex. E.)

22. Plaintiff filed a proof of service indicating she served the Complaint by substituted service on the Hemet California Stake on September 7, 2024. (*Id.* ¶ 11, Ex. F.) The Church disputes Plaintiff properly served the Hemet California Stake for the reasons stated above that the Hemet California Stake is not a registered legal entity and for the additional reason that Plaintiff attempted to serve the papers by handing them to an unidentified parishioner at a chapel. (*Id.*)

## COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS SERVED

23. The Church provides the Court with copies "of all process, pleadings, and orders served upon" the Church in this action as required by 28 U.S.C. § 1446(a). (*Id.* ¶ 12.)

## NOTICE TO ADVERSE PARTY AND STATE COURT

24. In accordance with 28 U.S.C. § 1446(d), the Church will file a Notice to the Clerk of the Superior Court of Removal, with a copy of the Notice of Removal, with the Superior Court, and will serve a copy on Plaintiff. (*Id.* ¶ 14.)

25. True and correct copies of the Notice to Adverse Party of Removal and the Notice to the Clerk of the Los Angeles County Superior Court of Removal are attached to the Richmond Declaration as Exhibits G and H, respectively. (*Id.* ¶¶ 13 and 14.)

## CONSENT TO REMOVAL BY ALL DEFENDANTS PROPERLY JOINED

26. The Temple Corporation consents to removal. (Richmond Decl. ¶ 15.)

27. No consent is required for the Hemet California Stake because it is not a properly joined and served defendant. 28 U.S.C. § 1446 (b)(2)(A).

## CONCLUSION

28. Plaintiff's case is removable to this Court because it is pending in the Riverside County Superior Court and is a civil action where (i) the matter in controversy

exceeds the sum or value of $75,000, exclusive of interests and costs and (ii) is between citizens of different states. *See* 28 U.S.C. §§ 84(c)(1), 1332(a), 1441(a).

29. In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, the Church respectfully requests that the Court issue an order to show cause why the case should not be remanded and afford the parties an opportunity to provide the Court with full briefing and argument.

Dated: October 8, 2024                                LARSON LLP

       /s/*Rick Richmond*
Rick Richmond
Andrew E. Calderón
Jina Yoon
Attorneys for The Church of Jesus Christ of Latter-day Saints and Temple Corporation of The Church of Jesus Christ of Latter-day Saints