UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-02151-SSS-SHKx | Date | March 20, 2025 |
|---|---|---|---|
| Title | *Jane Roe EO 5 v. The Church of Jesus Christ of Latter-day Saints et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 14] AND SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT [DKT. 35]**

Before the Court is Plaintiff's Motion to Remand Case to California State Court (the "Motion") filed on November 7, 2024.  [Dkt. 14].  The Court **DENIES** the Motion.

## I.    FACTUAL AND LEGAL BACKGROUND

On September 3, 2024, Plaintiff filed a complaint against the Church of Jesus Christ of Latter-day Saints ("LDS"), the Temple Corporation of the Church of Jesus Christ of Latter-day Saints ("Temple"), the Hemet California Stake ("Stake"), and Does 4–100 (collectively "Defendants") in Riverside County Superior Court.  [Dkt. 1-2].  Plaintiff alleges that, from 2010 to 2011, she was sexually abused by a church member, Thomas Justin Powell ("Powell").  [*Id.* at 4]. Plaintiff further alleges her abuse was exacerbated by her Bishop's efforts to ratify and conceal the abuse.  [*Id.* at 14].  The Plaintiff and Powell were members of the Hemet Stake, a local division of the LDS church, where the abuse occurred.  [*Id.* at 24].  Plaintiff's complaint alleges negligence; negligent supervision of a minor;

sexual abuse of a minor; negligent hiring, supervision, and retention; negligent failure to warn, train or educate plaintiff; and breach of mandatory duty. [*Id.* at 20–28]. Plaintiff argues that Defendants had a duty to take reasonable steps to protect her from that abuse and she suffered damages as a result. [*Id.*].

Defendants removed the action on October 8, 2024. [Dkt. 1, "NoR"]. Plaintiff moved to remand the case on November 7, 2024. [Motion]. On November 22, Defendants opposed and filed an application to seal its supporting declarations. [Dkt. 15, "App to Seal"; Dkt. 17, "Opp."].[1] On November 26, 2024, Plaintiffs replied. [Dkt. 20, "Reply"]. The clerk entered default against the Hemet Stake on January 9, 2025. [Dkt. 35].

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'"

---

[1] The Court **GRANTS** Defendants' application to seal three documents (one set of church membership information, and two sets of public records) containing Plaintiff's personally identifiable information. [Dkt. 15]. *Jane Doe No. 1 v. Fitzgerald*, No. CV 20-10713, 2021 WL 9721325, at *1 (C.D. Cal. Oct. 12, 2021) ("The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.").

*Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## III. DISCUSSION

Plaintiff makes two arguments for remand. First, Defendants' removal rests on the idea that the Hemet Stake, the only alleged California Defendant, is either a citizen of Utah or fraudulently joined because it is not an entity that can be sued. [Motion at 10–17]. Absent the Hemet Stake, the parties are diverse. Plaintiff disagrees and argues that California law recognizes a cause of action against some unincorporated associations like the Hemet Stake, and that the Hemet Stake is a citizen of California. [Motion at 1–2]. Second, Plaintiff argues that Defendant's Notice of Removal inadequately alleges Plaintiff's citizenship. [*Id.* at 14–15]. For the reasons stated below, the Motion is **DENIED**.

### A. Citizenship of Hemet Stake

Diversity jurisdiction in this case turns on whether Plaintiff can establish a cause of action against the Hemet Stake.[2] Plaintiff's allegations concede she is a resident of California (and Defendants allege she is a citizen of California), and Defendants LDS and Temple are citizens of Utah. [Dkt. 1-2, "Compl." ¶¶ 3, 5, 6]. Thus, if the Hemet Stake is a citizen of California, as Plaintiff argues, the parties are not diverse, and the Court must remand.

It is well settled that a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018); 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the location from which its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

---

[2]The parties do not contest the amount in controversy is above $75,000. 28 U.S.C. 1332(a).

While an "incorporated subsidiary" of a corporation may "possess citizenship independent of its parent corporation," an "unincorporated division" shares the citizenship of its parent corporation. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994). Unincorporated divisions are not "formal[ly] separate[]" from their parents, and so are not "independent entit[ies] for jurisdictional purposes." *Id.* (quoting *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 284 (6th Cir.1990)).

The Hemet Stake is not a separate entity for jurisdictional purposes. Plaintiff does not allege that the Hemet Stake is separately incorporated and instead argues it is an unincorporated association. [Motion at 9–13]. Plaintiff alleges that the Hemet Stake's "principal place of business" is in Hemet, California, that Stakes "create[] and maintain[] meticulous sets of membership records," and have some internal governance mechanisms. [Compl. ¶¶ 7, 34]. But Plaintiff's Complaint repeatedly emphasizes that the Hemet Stake is a division of the LDS Church, being "under the control of the Church," not a distinct entity. [Compl. ¶ 5, 7]. Plaintiff also confirms the LDS Church "is and was at all relevant times herein mentioned, the religious entity, located at Hemet, California, through which Thomas Justin Powell held and used his position as an adult member of Defendants' Church to groom and sexually abuse Plaintiff," not the Hemet Stake. [Compl. ¶ 5].

Plaintiff cites two lines of authority in support, but both are inapposite. In one, Plaintiff argues that California federal courts have remanded in similar types of lawsuits brought against the Mormon church, but in each cited case, the Stake had some type of formal business status. *Roe v. Doe 1*, No. 24-CV-07661, 2024 WL 5264039 (N.D. Cal. Dec. 31, 2024) (Doe Defendant registered to do business in California); *Geppert v. Church of Jesus Christ of Latter-Day Saints*, Inc., No. 23-CV-05763, 2024 WL 495255, at *1–*2 (N.D. Cal. Feb. 8, 2024) (stake is incorporated). In the other, Plaintiff likens this case to a line of case law where the citizenship of unincorporated associations is determined by their membership. But in those cases, the unincorporated associations were independent entities, not unincorporated divisions of a corporate parent. *See, e.g.*, *Barr v. United Methodist Church*, 90 Cal. App. 3d 259, 270–72 (1979) (finding the *entire* United Methodist Church to be an unincorporated association capable of being sued, not a local denomination of an otherwise incorporated church); *Lumbermen's Underwriting All. v. Mobil Oil Corp.*, 612 F. Supp. 1166, 1167 (D. Idaho 1985) (suing independent reciprocal insurance exchange).

The Hemet Stake is a division of Defendant LDS for jurisdictional purposes and thus a citizen of Utah. There is complete diversity, and the Court DENIES remand on this basis.

### B. Sufficiency of Notice of Removal

Plaintiff also argues that Defendants' Notice of Removal is defective because, though it alleges her citizenship, it relies on her complaint which only alleges her residence. [Motion at 14–15]. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

Yet, in its Notice of Removal Defendants must only "allege affirmatively" Plaintiff is a citizen of California, and did so here. *Kanter*, 265 F.3d at 857; [NoR at 3]. At this stage, where Plaintiff alleges she is a resident of California in her complaint [Compl. ¶ 3] and has not presented any evidence to dispute that citizenship, Defendants have met their burden to survive a motion to remand. *Ehrman v. Cox Commc'n, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).

### IV. CONCLUSION

Because Defendants met their burden to establish complete diversity between the parties, and the amount in controversy exceeds $75,000, the Court finds diversity jurisdiction existed over this case at the time of removal. 28 U.S.C. 1332(a). Thus, the Court finds removal was proper under 28 U.S.C. § 1441(a) and **DENIES** Plaintiff's Motion. [Dkt. 14].

In light of the Court's ruling that the Hemet Stake is an unincorporated division of the LDS Church, the Court *sua sponte* sets aside the default against the Hemet Stake. [Dkt. 35]. *Erichsen v. Cnty. of Orange*, No. CV14-02357, 2014 WL 12709423, at *2 (C.D. Cal. Sept. 17, 2014). Having resolved the remand motion, the Court encourages the parties to bring a stipulation or motion to resolve the status of the Hemet Stake as a defendant in this case.

**IT IS SO ORDERED.**